UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKEEM TURNER,<br><br>    Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>    Respondent. | CAUSE NO. 3:20-CV-598-JD-MGG |

OPINION AN ORDER

Akeem Turner, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the prison disciplinary hearing (ISP 20-03-292) where a Disciplinary Hearing Officer (DHO) found him guilty of Assault in violation of Indiana Department of Correction offense A-117 on June 15, 2020, and sanctioned him with a demotion in credit earning class. ECF 7; ECF 1-1 at 3.

Turner raises one ground for habeas corpus relief. He argues Sgt. Finch called a "Signal 8" while he was being placed in cuffs behind his back upon leaving the shower. ECF 7 at 1. He says he was not resisting or being violent and did not threaten any staff. *Id.* However, he was choked from behind, drug to a cell, and punched once inside the cell, still cuffed. *Id.* In short, he alleges that he is not guilty of the charged offense.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record,

independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the conduct report states:

> On the date 3/21/20 at approx 1:35am offender Turner, Akeem #171836 refused to comply with orders and resisted staff during a shakedown. Offender Turner, Akeem #171836 bit Ofc. P. Vanderstar in the arm/shoulder area leaving a mark.

ECF 1-1 at 2. Based on this evidence, it was not arbitrary for the DHO to have found Turner guilty of assault. Therefore, this is not a basis for habeas corpus relief.

Turner was denied counsel previously (ECF 6), but he filed a second motion seeking appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir.

2

1997) (brackets, quotation marks, and citation omitted). Turner indicates that he does not have the ability to litigate this case. But, this is not a complicated case. A review of the records demonstrates that Turner understands the facts and has explained why he does not believe he should have been found guilty. Furthermore, the appointment of counsel would not change the outcome of this case. Accordingly, the request for counsel will be denied.

If Turner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS Akeem Turner's motion for leave to proceed *in forma pauperis* (ECF 8);

(2) DENIES Akeem Turner's motion for appointment of counsel (ECF 9);

(3) DENIES Akeem Turner's amended habeas corpus petition (ECF 7);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Akeem Turner leave to proceed in forma pauperis on appeal.

SO ORDERED on October 21, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT